IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Criminal Action No. |
| | ) | 05-0202REL-01 |
| JUSTIN BUCHANAN, | ) | |
| | ) | |
| Defendant. | ) | |

## **DETENTION ORDER**

On November 18, 2005, the government moved to detain defendant Justin Buchanan pending trial. On November 22, 2005, I held a detention hearing. I find by a preponderance of the evidence that defendant poses a risk of flight and that no single condition of release or combination of conditions of release can reasonably assure the appearance of defendant as required. In addition, I find by clear and convincing evidence that defendant poses a danger to the community and that no single condition of release or combination of conditions of release will reasonably assure the safety of the community.

## *I.    BACKGROUND*

On November 18, 2005, a criminal complaint was filed charging defendant with one count of threatening to retaliate against a witness, in violation of 18 U.S.C. § 1513(b)(2). Defendant appeared before me for a first appearance the same day. During the first appearance proceeding, counsel for the government filed a motion for a detention hearing and a motion to continue the hearing for

three days. Those motions were granted, and defendant was remanded to the custody of the United States Marshal pending the hearing.

A detention hearing was held before me on November 22, 2005. Defendant appeared in person, represented by Robert Martin. The government was represented by Assistant United States Attorney David Ketchmark. The parties stipulated that the court consider the information in the Pretrial Services Report of Pretrial Services Officer Van Hecke as the testimony he would give, under oath, if called as a witness. I took judicial notice of the affidavit in support of the complaint. No other evidence was offered by either party.

## II.    **FINDINGS OF FACT**

On the basis of the information contained in the Pretrial Services Report and the affidavit in support of the complaint, I find that:

1.    Defendant, 23, is a lifelong resident of the Kansas City area. Prior to his most recent incarceration with the Missouri Department of Corrections, defendant resided off and on with his mother for the past ten years. Defendant maintains regular contact with his father, mother, and brother, all of whom reside locally. Defendant has never been married, but he has two children, both age 6, from two separate relationships. Defendant has had no contact with his children since his imprisonment three years ago.

2.    Defendant has a ninth grade education. His work history is limited to one month of employment with Quality Wood loading trucks in 2002.

Defendant owes approximately $9,500 in fines and restitution. He has no financial assets.

3. Defendant is generally in good health. Defendant first used alcohol at age 13 and last used it seven to eight months ago. He used heroin once about two years ago. He first used marijuana at age 15, first used methamphetamine at age 18, and first used PCP at age 19. He last used those three substances over three years ago. Defendant first used cocaine at age 16 and last used it four years ago, he used Ecstasy once in 2002, and he used Xanax at age 16.

3. Defendant's criminal history includes the following:

| Date | Charge | Disposition |
| --- | --- | --- |
| 06/15/99 | 1. Stealing a motor vehicle<br>2. Tampering 2nd degree | 1. No further action<br>2. Dismissed |
| 08/25/99 | 1. Tampering 1st degree **(Felony)**<br>2. Resisting officer | 1. SIS, 2 years probation<br>2. **Warrant** issued on 12/11/03, $1,000 bond |
| 11/29/99 | Carrying a weapon | Transferred |
| 11/30/99 | Receiving stolen property **(Felony)** | 4 years in prison, paroled on 1/14/02 & placed on electronic monitoring, absconded from 2/18/02 to 8/6/02, was arrested for additional criminal misconduct and cited for marijuana and alcohol use, associating with a convicted felon, and failure to participate in drug counseling as directed. |
| 12/21/99 | Stealing motor vehicle | Unknown |
| 05/01/00 | 1. Simple assault<br>2. Disorderly conduct | 1. **Warrant** issued on 9/6/02, $1,000 bond<br>2. 2 days in jail |

| 09/29/00 | Forgery - counterfeit | Transferred |
|---|---|---|
| 10/13/00 | Attempted forgery **(Felony)** | 1 year in prison |
| 02/18/02 | 1. Tampering 1st degree **(Felony)** <br> 2. Tampering 1st degree **(Felony)** | 1. 2 years in prison <br> 2. 2 years in prison |
| Defendant and at least two others attempted to steal a vehicle from a residence, were interrupted by the owner, gunshots were exchanged, defendant was shot in the leg, the victim identified defendant as shooting at him. |||
| 06/15/02 | Fleeing/attempting to elude police | **Warrant** issued on 8/16/02, $500 bond |
| Defendant was fleeing arrest at a high rate of speed after being identified by law enforcement as having felony warrants for his arrest. He was able to elude arrest that day but was cited later. |||
| 08/06/02 | Distr./Del./Mfg. controlled substance | No further action |
| Defendant and three others were arrested on a warrant. Numerous firearms, ammunition. 90.6 grams of methamphetamine, pounds of marijuana seeds and stems, scales, and baggies were recovered from the residence. |||

    4.    While incarcerated, defendant incurred 55 institutional violations (fighting, threats, creating a disturbance, minor assault, etc.) since August 2002. In addition to the three warrants listed above, defendant has 13 additional warrants with a total bond of $7,000. Defendant's criminal history indicates he is affiliated with gangs.

    5.    The Federal Bureau of Investigation and the Kansas City, Missouri, Police Department jointly conducted an investigation into the March 9, 2005, death of William McCay, who was shot to death near the intersection of Ninth

4

Street and Brighton Avenue in Kansas City. On September 29, 2005, a federal grand jury returned a nine-count indictment charging Gary Eye and Steven Sandstrom with a variety of federal offenses in connection with McCay's death.

6. During the McCay investigation, Sandstrom and others were recorded making phone calls from the Jackson County Detention Facility during which they made threatening comments toward several individuals, including Vincent DeLeon, based on their belief that those individuals might be providing information to law enforcement officials in the McCay investigation. On October 13, 2005, the court ordered the detention of Sandstrom pending trial, and he was transferred to the St. Clair County Jail. While at that facility, defendant wrote a letter to Sandstrom making threats regarding Vincent. Defendant stated that he has 16 warrants and he planned to turn himself in and try to get to where Vincent is so he could cause harm to Vincent. Law Enforcement authorities went to the Crossroads Correctional Center where defendant was being housed and reviewed letters written by Sandstrom and addressed to defendant. In the letters, Sandstrom requested defendant's assistance in harming individuals, including Vincent DeLeon, believed to be cooperating witnesses in the government's case against Sandstrom.

7. Defendant was questioned by the FBI and admitted that he had bad blood with DeLeon and that he had planned to try to get access to DeLeon and

5

physically harm him because of that bad blood and because he believed DeLeon was cooperating against Sandstrom.

8. If convicted, defendant faces a statutory maximum prison sentence of ten years.

### III. CONCLUSIONS

I find by a preponderance of the evidence that no single condition of release or combination of conditions of release will reasonably assure the appearance of defendant as required. Defendant is facing a possible ten-year prison sentence in this case and has 16 outstanding warrants. He has a history of absconding from supervision, a history of substance abuse, and a lack of community ties through employment or property ownership. Defendant fled police at a high rate of speed and eluded arrest. He was an absconder for approximately six months after having been paroled and placed on electronic monitoring.

In addition, I find by clear and convincing evidence that no single condition of release or combination of conditions of release will reasonably assure the safety of the community. Defendant is charged with threatening to retaliate against a witness in a murder case. His criminal history includes five felony convictions, drug crimes, assaultive behavior, and weapons crimes. He has committed crimes while on community supervision and while an absconder, and the instant offense occurred while he was serving a state sentence. Defendant has possible gang affiliation; he has a history of illegal drug abuse; he

6

was arrested with numerous firearms, ammunition, drugs, scales, and baggies; and in the past three years he has had 55 institutional violations while incarcerated.

It is, therefore

ORDERED that defendant be committed to the custody of the Attorney General or his authorized representative for detention pending grand jury action and, if an indictment is returned, pending trial. It is further

ORDERED that defendant be confined in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. It is further

ORDERED that the Attorney General or his authorized representative ensure that defendant is afforded reasonable opportunity for private consultation with his counsel. It is further

ORDERED that, on order of a court in the Western District of Missouri, the person in charge of the corrections facility where defendant is confined deliver defendant to a United States Marshal for his appearance in connection with a court proceeding.

                                                      /s/ Robert E. Larsen
                                                      ROBERT E. LARSEN
                                                      United States Magistrate Judge

Kansas City, Missouri
November 22, 2005